UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**TERRY L. BROOKS,**

    **Plaintiff,**

v.                                      Case No. 3:12cv23/MCR/CJK

**DAVID BENNOIT,**
**MEDICAL SUPERVISOR, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 8). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's complaint names two defendants–Medical Supervisor David Bennoit and Escambia County Sheriff David Morgan. (Doc. 8, p. 2). Plaintiff includes no substantive facts or background in his complaint. Instead, plaintiff states that Medical Supervisor Bennoit is "over the medical staff" at the Escambia County Sheriff's Office ("ECSO") and "has full power of the decisions made towards any and every medical issue . . . ." (Doc. 8, p. 5). Plaintiff further posits Medical Supervisor

Bennoit is responsible "wether [sic] or not to treat" and therefore he made the "decision . . . to refuse my treatment wich [sic] is a violation of my civil rights." (Doc. 8, p. 5). As to Sheriff Morgan, as sheriff of Escambia County, "he decides and regulates the expenses of the Escambia County Sheriff's Office and the jail." (Doc. 8, p. 6). Plaintiff claims violations of his "civil rights." As relief, plaintiff seeks a "law suit [sic] for being denied medical treatment at a facility to were [sic] inmates have no controll [sic] of there rights which is wrong." (Doc. 8, p. 7).

In this court's previous amend order (doc. 7), the court cautioned plaintiff that "[t]he amended complaint must contain all of plaintiff's allegations, because once an amended complaint is filed all earlier complaints are disregarded." (Doc. 7, p. 6). Plaintiff ignored the court's instruction. Nevertheless, for clarification, the court will reiterate plaintiff's claims made in the original complaint. Plaintiff avers that while incarcerated at Escambia County Jail he was diagnosed with Hepatitis C. (Doc. 1, p. 3). Plaintiff alleges that the jail told him they could not treat him because the "medication was to [sic] expensive." (Doc. 1, p. 3). A nurse from the Health Department, however, told plaintiff "[the jail] had to treat [plaintiff] because [he] was a high risk for other inmates." (Doc. 1, p. 3). The Health Department nurse also suggested the plaintiff receive vaccinations for Hepatitis A and B, but the jail refused to vaccinate the plaintiff. (Doc. 1, p. 3). Plaintiff contends he made several more requests for treatments and vaccinations but was refused each time. (Doc. 1, p. 3). As a result of these denials of care, plaintiff states that his "civil rights have been violated" because "it is [the jail's] right to make sure that I receive all medical treatment as needed no matter what the cost, for the cost comes from the state not the county." (Doc. 1, p. 4).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

Plaintiff has named Sheriff David Morgan as a co-defendant in this case. As he has been previously instructed, plaintiff cannot hold Sheriff Morgan individually liable for the alleged misconduct of his subordinates on the basis of Morgan's

supervisory role. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n.58 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) set forth the limited circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim. The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). The court previously advised plaintiff of the legal requirements necessary to hold Sheriff Morgan liable under § 1983. (Doc. 7, p. 4). In the amended complaint, plaintiff alleges only that Sheriff Morgan is the head of the Escambia County Jail and

therefore "decides and regulates" the expenses of the jail. (Doc. 8, p. 6). Plaintiff has ignored the court's admonishment concerning the requisite facts plaintiff needed to plead to hold Sheriff Morgan liable in a supervisory capacity. He has not plead such facts.

Plaintiff has added Medical Supervisor Bennoit as a defendant in the amended complaint. Plaintiff also seeks to hold defendant Bennoit liable for the staff's behavior because of Bennoit's title and role as medical supervisor, rather than upon any actions taken by Bennoit. Based upon the analysis of plaintiff's claims against Sheriff Morgan, plaintiff has failed to plead any facts sufficient to hold Medical Supervisor Bennoit liable in his supervisory capacity under § 1983. The undersigned can express no opinion, of course, as to whether recourse exists under Florida's limited waiver of sovereign immunity. *See* § 768.28 *et. seq*., Fla. Stat.

Accordingly, it is respectfully RECOMMENDED

1. That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 23rd day of October, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).